WILLIAM GETZANDAFFER and ELIZABETH, his wife,
  *vs.* LEVI CAYLOR, Executor, and GEORGE RIAEL
  and others, Legatees, &c., of HENRY RIAEL, de-
  ceased.

*Who entitled to Rents accrued after the Death of the Owner of*
*land.*

A testator by the first clause of his will devised to G. and wife, certain real
  estate, and "all his personal property, except bonds, notes or money," upon
  conditions which were faithfully complied with. By a subsequent clause he
  devised other real estate to his executor, with directions to sell and apply
  the proceeds to the payment of certain legacies, which more than exhausted
  the whole fund arising from the land which was sold. This real estate was
  under lease at the time of the death of the testator, and the rents accruing
  after his death were claimed by G. and wife under the bequest to them in ·
  the first clause of the will. HELD:

That these rents should go to the executor, who by the will was entitled to the
  estate out of which they issued; to be held and applied by him to the same
  objects and purposes for which the real estate was devised to him.

Rents accruing after the death of the owner of land, do not pass into the hands
  of his executor or administrator as a part of his personal property, but go to
  the heir-at-law or devisee.

APPEAL from the Orphans' Court of Carroll County.

The Orphans' Court, from whose order this appeal was
taken, decided that the sum of $1065.64, with which the
executor of Henry Riael had charged himself, and which
was claimed by the appellants under the bequest of per-
sonal property made to them by said Riael, was not
included in said bequest, nor in any bequest to the other
legatees of the testator designated in his will, but having
been received as rent accrued after the death of the tes-
tator, on that part of his real estate directed by his will
to be sold, and incident thereto, passed as property
whereof the testator died intestate, to his next of kin,

according to law, and not to the appellants, or to any of the legatees named in the will. And the Court thereupon directed the executor to distribute said sum to the next of kin and heirs at law of the testator, according to law.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON, MILLER and ROBINSON, J.

*William P. Maulsby,* for the appellants.

*William M. Merrick,* for the appellees.

The principle is universal, that rent falling due after the decease of the testator or intestate, passes to the heir-at-law or devisee of the land, and does not go to the personal representative. It is not personal property, but is an incident to, and follows the title of, the real estate. 1 *Williams on Executors,* 535, 730 ; *Rockingham vs. Penrice,* 1 *Peere Wms.,* 178.

In this case, the rents which fell due after the death of Henry Riael, passed as incident to the farm devised to be sold by the executor. He might have sold them with the farm, as part thereof, when he sold the farm ; or he might, as he did, reserve them for a sale in gross and sell separately ; but either way their legal relation was the same—an incident to the land devised to the executor— and they were, in no sense, part of the personal property contemplated by the first clause of the will.

In the contemplation of the Courts of Law, both the land and its products as rent have the character of realty impressed upon them.

In the contemplation of a Court of Equity, land devised to be sold and turned into money, is to be treated as money, and the surplus of the money, after satisfaction of the specific objects of the conversion, passes to the heirs at law of the testator as undisposed of property of which he died intestate. *Hurtt vs. Fisher,* 1 *H. & Gill,*

88; *Leadenham's Ex'r vs. Nicholson,* 1 *H. & G.,* 267; *Thomas vs. Wood,* 1 *Md. Ch. Dec.,* 296; *Carr vs. Ireland,* 4 *Md. Ch. Dec.,* 251; *Magruder vs. Peter,* 4 *G. & J.,* 323.

The money in dispute went in the first instance to the executor by virtue of the devise to him, and being converted into money and being required by the terms of the third clause of the will to be received and treated as money by the executor, it is to be applied to the satisfaction of the legacies and objects of the third clause, and whatever remains of the fund, if anything, goes to the heirs-at-law of the testator, under the decisions in Maryland.

BRENT, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Orphans' Court of Carroll County refusing to allow and distribute to the appellants certain rents, which accrued after the death of Henry Riael, out of real estate which he devised to his executor, with directions that it should be sold and the money appropriated to the payment of several legacies specified in the third clause of his will.

The claim of the appellants is founded upon the first clause of the will, in which the testator "wills and bequeaths to his niece Elizabeth Getzandaffer and her husband, William Getzandaffer," upon conditions, which it is conceded have been faithfully performed, certain real estate "*and all his personal property, except bonds, notes or money.*"

By the third clause of the will other real estate, besides that devised in the first clause, is directed to be sold by his executor, and the money arising from such sale, to be appropriated by him to the payment of certain legacies designated in this clause. This real estate, at the time of the death of the testator, Riael, was under a lease to Henry Stoner, and the rents accruing after the testator's death are claimed by these appellants.

We cannot perceive any sufficient ground upon which the claim of the appellants can be supported. The land out of which the rent accrued is not included in the devise to them, and there is nothing in the will which indicates any purpose or intention of the testator, that they should have the rents accruing after his death and up to such period of time as the executor might be able to sell the land as directed. Rents accruing after the death of the owner of land do not pass into the hands of his executor or administrator as a part of his personal property, but go to the heir-at-law or devisee. In the present case the land is devised to the executor, with directions to sell and apply the proceeds to certain legacies, which, it appears from the distribution in the Orphans' Court, and by agreement made a part of this record, will more than exhaust the whole fund arising from the land. In the case of *Martin vs. Martin*, 7 *Md.*, 376, it is said, "where the lessor dies before the rent becomes due, it goes to the person entitled to the estate out of which it issues; but if he dies afterwards, the executor or administrator is entitled to it." Applying this well settled doctrine to the present case, the rents in question go to the executor, who by the will is entitled to the estate out of which they issued; and they are to be held and applied by him to the same objects and purposes for which the real estate was devised to him,—that is to the fund out of which the legacies, mentioned in the third clause of the will, are to be paid   So far, therefore, as the appellants claim the rents in question, under the bequest to them in the first clause of the will, we think the Orphans' Court was right in determining that they were not entitled to them. As this is the only question before us upon this appeal, we will be understood as affirming *only in this respect* the order appealed from.

*Order affirmed.*

(Decided 2nd July, 1873.)